## ESTEBAN TENORIO *v.* THE TERRITORY OF NEW MEXICO.

CAPTION OF INDICTMENT.—Where in the caption of an indictment the time and place where it was found are set forth with certainty to a common intent, and the character of the court designated, and the grand jury appear to have been sworn for the body of the county, it is sufficient.

IDEM—NAME OF JUDGE NOT NECESSARY IN.—It is not necessary in the caption of an indictment to mention the name of the judge holding the court.

INDORSEMENT OF PROSECUTOR'S NAME UNNECESSARY.—It is not necessary to the validity of an indictment that the name of some person acting as prosecutor should be indorsed on it.

INDICTMENT UNDER PARTICULAR STATUTE.—In an indictment under a partic-
ular statute, the words of the act defining the crime must be used, and
a material variance will be fatal.

AVERMENT OF DEADLY WEAPON IN INDICTMENT FOR MURDER.—In an indict-
ment for murder it is not necessary to allege that the weapon used was
a "deadly" or "dangerous" weapon, except where the defendant is
charged with murder in the fifth degree under that part of the statute
in which those words are used in defining the crime, when the words of
the statute must be followed.                                    ＊

° CONVICTION OF MURDER IN FIFTH DEGREE UNDER COMMON LAW INDICTMENT.
A defendant may be convicted of murder in the fifth degree under an
indictment for murder at common law of the common form.

APPEAL from the district court of the first judicial district
for Santa Fe county. The case is stated in the opinion.

*Ashurst and Hopkins,* for the appellant.

*R. H. Tompkins, attorney-general,* for the appellee.

By Court, BOONE, J.:

This is an appeal from the decision of the court below
upon an indictment against Esteban Tenorio, for murder.
There is no question, upon the evidence in the case, but
numerous errors have been assigned by the defendant be-
low, now plaintiff in error, as to the legality of the indict-
ment. It will be necessary, therefore, to set out the indict-
ment in full. It is in these words:

TERRITORY OF NEW MEXICO, ⎫ *ss.*
      County of Santa Fe.    ⎰

In the district court for the first judicial district for the
territory of New Mexico, held for the county of Santa Fe,
in said district, of September term, A. D. 1856, the grand jury
for said territory of New Mexico, duly impaneled and sworn
for the body of the county of Santa Fe aforesaid, upon their
oaths do present, that Esteban Tenorio, late of said county
of Santa Fe, on the fourteenth day of September, A. D. 1856,
in the county of Santa Fe aforesaid, with force and arms,
in and upon the body of one Ramon Rodriguez, feloniously,
willfully, and of his malice aforethought, did make an as-
sault, and that the said Esteban Tenorio, with a certain knife,
of the value of twenty-five cents, which the said Esteban

Tenorio in his right hand then and there had and held, in and upon the left side of the head, near the left temple of the said Ramon Rodriguez, feloniously, willfully, and of his malice aforethought, did strike, thrust, and penetrate, giving to the said Ramon Rodriguez then and there, with the knife aforesaid, in and upon the said left side of the head, near the temple of the said Ramon Rodriguez, one mortal wound of the breadth of three inches, of the width of six inches, and of the depth of three inches, of which said mortal wound the said Ramon Rodriguez, from the said fourteenth day of September, in the year aforesaid, until the eighteenth day of the month of September, in the year aforesaid, did languish and languishing did live; on which eighteenth day of September, in the year aforesaid, the said Ramon Rodriguez, at the county aforesaid, of the said mortal wound did die. And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Esteban Tenorio, him, the said Ramon Rodriguez, in the manner and by the means aforesaid, feloniously, willfully, and of his malice aforethought, did kill and murder, against the peace and dignity of said territory, and against the form of the statute in such cases made and provided.

(Signed)            WHEATON, for the Territory.

Upon this indictment is the following entry: "A true bill, (signed) James J. Webb, foreman of the grand jury." The witnesses' names are also indorsed.

On the twenty-fourth of August, 1857, the case was tried upon the foregoing indictment, in the court-house at Santa Fe, and the jury found the defendant guilty of murder in the fifth degree, and that he should be sentenced to confinement in the territorial prison for one year. In conformity with the finding of the jury, the court below, on the seventeenth of September, 1857, sentenced the prisoner. Bail was entered for an appeal to this court, and the sentence stayed, to wait its decision.

Several errors have been assigned, but it is only deemed necessary to consider the following:

1. The caption of the indictment is not sufficient or legally set forth;

2. No prosecutor was indorsed upon the indictment;

3. The indictment does not aver that the instrument with which the wound was inflicted was a deadly or dangerous weapon.

The caption is admitted as a very material part of the indictment, but to arrest the judgment or to quash an indictment upon this ground the defect must be of a clear and a decisive character: *State* v. *Hickman*, 3 Halst. 299. We hold that where time and place are set forth with sufficient certainty, the character of the court designated, and the grand jury appear to have been sworn for the body of the county, it is sufficient.

In the caption of this indictment these requirements have been substantially complied with; certainty to a common intent is all that is required. Any legal technicality should be disregarded, especially after a trial upon the merits: *State* v. *Brisbane*, 2 Bay, 451. It is stated that the grand jury were sworn for the body of the county of Santa Fe, and the record which accompanies this cause, states that at a session of said court, held at the court-house in Santa Fe on the nineteenth of September, 1856, the grand jury appeared, through their foreman, and presented this bill of indictment. The character of the court is properly described as the district court for the territory of New Mexico. This is the title designated in the organic act, and recognized by various acts of the assembly. It is not necessary to mention the name of the judge. Some states may require this, but the court is not aware of any act of our legislature that requires it.

As to the second error, that a prosecutor should have been indorsed upon the indictment, it is alleged that inasmuch as it is declared by the act of assembly, that the person who makes the oath for the arrest of the accused shall be the prosecutor, and as this term is used in various places in the laws of the territory, it follows that the name of the prosecutor must be entered upon the indictment to give it validity. We are not of that opinion. As well might it be required to indorse the name of the committing magistrate, so far as legalizing the indictment is concerned. There is

no law that requires the indorsement of the name of the prosecutor, and it would be extremely injudicious and impolitic to enact such a law. It is true that the legislature has, very unwisely, as we think, made the prosecutor liable in certain courts for the costs, but it has never gone so far as to say that his name shall also be indorsed upon the indictment. The truth is, for all the purposes of public justice, the territory should be and is regarded as the prosecutor, especially in cases of high crimes. The person who makes the first oath for the arrest of the offender may take no further part in the prosecution, and another may be the active party in carrying it on. The latter, therefore, should more properly be considered as the prosecutor. And it may, and often does occur, that an indictment may originate with the grand jury, without any previous oath having been made for the arrest of the accused, and in such case it would be impossible to say who the prosecutor really is, and hence, if the position of the defendant's counsel be correct, the ends of justice might sometimes be defeated.

Again, crimes of great magnitude, seriously affecting the entire community, are sometimes committed where no one person more than another is interested in having the offender brought to justice. Should it, however, be decided that the person who makes the first oath is to be not only regarded as the prosecutor, but that his name as such shall be formally indorsed for all time to come on the back of a criminal indictment, it would only be adding to the many difficulties which already exist in regard to bringing offenders to justice as the law now stands. There are but few men in these days who are sufficiently bold and patriotic as to place themselves in the equivocal and hazardous position of prosecutor for the benefit of any community, which in the end would be more likely to condemn than applaud him. It would, therefore, be wrong to add anything to the weight of anxiety and responsibility which already attaches to the unfortunate individual, who in this territory consents to become a prosecutor in cases of high crimes and misdemeanors. As has already been stated, as the law now stands, the prosecutor, in case of acquittal, is made

liable for costs, and there may be cases where it would probably be proper that the name should be indorsed as such—such, for instance, as in misdemeanors, offenses which do not seriously affect the public interest and where personal or private rights are mainly involved, but where the law, for wise purposes, permits the aggrieved party to prosecute in the name of the territory. In prosecutions of this character, should a motion be made by the defendant during the progress of the trial or at its commencement, that a prosecutor be indorsed on an indictment, and assign good reasons therefor, the court, in their discretion, may order it to be done, not with a view of imparting validity to the indictment, but in order to give the defendant any advantage which might be derived from his being able to show that the prosecution has been instituted in private malice and not to serve the ends of public justice.

The third error assigned is, that the words deadly weapon were not inserted in the indictment. It is undoubtedly the law that an indictment brought under a particular statute must follow the words of the act, and that any material variance would be fatal. This is an indictment for murder in general terms, and the jury, if the evidence had warranted it, could as well have convicted the defendant of murder in the first degree, as in the fifth degree. The offense charged is one at common law, and although the legislature has enacted different grades of murder, it is not required to vary the usual and common form of an indictment, to enable the jury to find the defendant guilty of any one of the minor grades of the offense. Even if the words deadly and dangerous weapon had been used in the specific clause of the act defining what should constitute murder in the fifth degree, it would not have been necessary to insert those words in the indictment. But had the defendant been indicted under that particular clause or part of the act, which changes the common law definition of murder, for murder in the fifth degree, and the words in question being used in the law, it would then have been necessary to follow the words of the statute. Our adjudication must proceed upon the record represented to this court, without reference to

the finding of the jury, and the indictment being in the common form, and no statutory provision existing in this territory, where the words deadly or dangerous weapon are used in simply defining the crime of murder, the indictment is good without those words. On the contrary, their insertion would have vitiated the indictment, for I am unable to discover that they are to be found at all in the particular clause which defines or rather speaks of what shall be murder in the fifth degree. It is right that all the parts which constitute the offense should be clearly set out in order that the defendant be enabled to ascertain fully whether they constitute an indictable offense in order that he may properly defend himself, and to enable him to plead an acquittal or conviction in bar of another prosecution for the same offense. This indictment contains all the necessary requisites.

The case of *The Territory* v. *Sevailles*, in which the opinion was delivered by this court, has been relied upon by the defendant's counsel. But the decision in that case is predicated upon an entirely different state of facts from those disclosed in this. There the defendant was indicted under the seventh section of the third article concerning crimes and punishments of the Kearny code, which declares "that every person who shall be convicted of shooting or stabbing another on purpose, or of assaulting or beating another with a deadly weapon, with intent to kill, maim, ravish, or rob such person, or to commit any other crime, shall be imprisoned not exceeding seven years and not less than two years."

Here is an indictment, not for murder, but for an attempt to commit certain specified crimes, and was brought under a particular statute which creates and defines the offense, and although the statute contains the words deadly weapon, yet these important words were entirely omitted in the indictment, and the court very properly decided, that inasmuch as the indictment was for a new and distinct offense, under the statute, it should have followed the words of the statute, and not having done so, the objection was fatal.

By reference to the indictment copied in this opinion and

the matters there stated, it will be seen that there is no similarity between the two cases.

There was also a question in the case just referred to, in regard to the caption of the indictment. The learned judge says that " the indictment only describes the grand jury as the grand jurors of the territory of New Mexico, inquiring for the county of San Miguel, and did not show that they were chosen, impaneled, and sworn for that county." This defect was regarded as fatal by the court, but this objection or defect to the caption does not exist in the case now under consideration. On the contrary, the indictment declares that "the grand jury for the territory of New Mexico, duly impaneled and sworn for the body of the county of Santa Fe," etc. The allegation that they were duly impaneled means legally impaneled for the county of Santa Fe, and is sufficient without stating that they were chosen for that county. The judgment of the court below is thus far affirmed,

Since the rendition of judgment in this case by the court below, the act providing for a territorial prison has been repealed, and by a law of the legislature, the convicts are required to be confined or imprisoned in the counties where the offenses have been committed.